IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEXTER STURGEON, JR.,** ) | |
| #1650438, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:23-CV-2067-G (BH) |
| ) | |
| **DIRECTOR, TDCJ-CID,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received October 27, 2023 (doc. 8), should be **DENIED**, and this case should be **DISMISSED** without prejudice for failure to follow court orders.

### I.  BACKGROUND

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed "A Letter Directed to the Courts" that was received on September 12, 2022, in which he contended that he is innocent of the crime of which he has been convicted. (*See* doc. 3.) Because he appeared to challenge his detention, his filing was liberally construed as a petition for habeas corpus relief under 28 U.S.C. § 2254 and filed in this habeas case. (*See id.*; doc. 4.) By notice of deficiency and order dated September 18, 2023, he was notified of the construction of his filing and ordered to file an amended § 2254 petition on the correct form if he wished to pursue habeas relief. (*See* doc. 4.) He was also ordered to either pay the $5.00 filing fee for a habeas case or file an application to proceed *in forma pauperis* (IFP) with a certificate of trust fund account statement for the prior six month period as required by 28 U.S.C. § 1915(a), within 30 days. (*See id.*) The notice warned that failure to comply with the order could result in a recommendation that his case be dismissed.  (*Id.*)

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

His amended § 2254 petition was received on October 11, 2023. (*See* doc. 5.)

On October 13, 2023, a second notice of deficiency and order again notified the petitioner that he had neither paid the filing fee nor filed an IFP application with a certificate of trust fund account. (*See* doc. 6.) He was again ordered to pay the filing fee or file an IFP motion within 30 days, and he was again warned that failure to comply could result in a recommendation that his case be dismissed. (*Id.*)

On October 27, 2023, the petitioner's *Application to Proceed in Forma Pauperis*, with an attached certificate of inmate trust account, was received. (*See* doc. 8.) Both documents were completely blank, except for a handwritten notation written across the top of the application stating, "(I Don't have Any Money your Court has broke me)". (*Id.*) By order dated October 31, 2023, the petitioner was advised that his blank filing provided none of the necessary information, so it was deemed moot. (*Id.*) He was again ordered to pay the filing fee or file an IFP motion by the deadline set out in the second notice and deficiency of order, dated October 13, 2023, and he was again warned that failure to comply could result in a recommendation that his case be dismissed. (*Id.*)

More than thirty days from the date of the second notice of deficiency and order to pay the filing fee or file an IFP application have passed, but the petitioner has still not complied. Nor has he filed anything else after the order regarding his blank IFP application notified him that he must comply with that order.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

2

filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

The petitioner's IFP application and fund account statement are blank. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP application should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was twice given thirty days to pay the $5 filing fee or file an IFP application with a certificate of inmate trust account, and he was specifically warned that failure to do so could result in dismissal of this action. He failed to comply with the order, instead filing a blank IFP application, resulting in another warning dated October 31, 2023, that failure to comply with the second notice of deficiency and order could result in dismissal of the case. Despite notice that he must comply with the order and the consequences of a failure to comply, he still failed to comply or file anything after the order. Because he failed to comply with court orders, this case should be dismissed for failure to prosecute or follow orders of the court.

## IV.  RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee or files a fully completed IFP application with a certificate on inmate trust account within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 16th day of November, 2023.**

IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE